IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IOWA SQUARE REALTY LLC, a New York limited liability company, | Civil Action No. 17-497 |
| Plaintiff, | |
| v. | United States Magistrate Judge Cynthia Reed Eddy |
| JSMN SHENANGO VALLEY MALL, LLC, a New Jersey limited liability company, | |
| Defendant. | |

## **MEMORANDUM OPINION AND ORDER**

Presently pending before the Court is a motion for Expedited Appointment of Receiver pursuant to Fed. R. Civ. P. 66. (ECF No. 31). For the reasons stated herein, the motion will be granted.

### I. **Procedural and Factual Background**

This lender commercial leasehold foreclosure action was commenced on April 18, 2017. Discovery ended on October 1, 2017. (ECF No. 14). On October 10, 2017, Plaintiff Iowa Square Realty LLC ("Lender") filed a motion for summary judgment (ECF No.15). On February 8, 2018, the motion was granted and judgment was entered in favor of Lender and against Defendant JSMN Shenango Valley Mall, LLC ("Mortgagor").

The request for appointment of receivership had initially sought action on an expedited basis by January 24, 2018. On January 17, 2018 the Court held a telephonic status conference at which time the Court encouraged the parties to come to an agreement on the issue of the receivership, and on February 5, 2018, the requested deadline for the appointment of the receiver having passed, ordered the parties to notify the court in writing as to the status of any Stipulation

1

or other proposed agreement concerning the Motion to Appoint Receiver (ECF No. 38). The Court also set oral argument on the motion for summary judgment and motion for appointment of receiver for February 15, 2018. Having granted the motion for summary judgment, and after a careful review of the relevant case law and the record before us, the Court cancelled the previously scheduled oral argument (ECF No. 41). We will grant the motion for the appointment of a receiver for the purpose of preserving and protecting Lender's collateral pending the foreclosure and eventual sale of such interest.

Out the outset, we note that very few, if any, facts have been in dispute in this case. Because we write mainly for the parties, we incorporate by reference the undisputed facts noted in the Memorandum Opinion and Order granting summary judgment on February 8, 2018 (ECF No. 40).

Importantly, the mortgage clearly provides that in the event of default, Lender may request we appoint a receiver. Both the Mortgage and the Assignment of Leases and Rents provide that "Mortgagor hereby assigns to [Lender] all of Mortgagor's right, title and interest in and to any rents, income and profits from the Premises and all of Mortgagor's right, title and interest in and to all leases and other documents evidencing such rents, issues and profits now or hereafter in effect and any and all deposits held as security under said leases." (Mortgage § C(10)(a) (ECF No. 31-3 at 18-19); *accord* Assignment of Leases and Rents § 1.) Although Mortgagor is given a revocable license to collect the Rents, the license may be revoked by Lender following an Event of Default, in which case Lender, "either in person or by agent (or by a receiver appointed by a court), may enter and take possession of the Premises" and "operate and manage the Premises." (Mortgage C(10)(d) (ECF No. 31-3 at 19)). Moreover, Section E(2) of the Mortgage, entitled "Mortgagee's Right to the Appointment of a Receiver," expressly

provides that:

> (a) If [Lender] must initiate an action to foreclose on this Mortgage . . ., ***[Lender] will be entitled to have the court appoint a receiver***. The receiver may be appointed without [Lender] giving notice to Mortgagor thereof and without regard to the value of the Premises as security for the indebtedness secured hereby, or the solvency or insolvency of any person then liable for the payment of the Indebtedness.
>
> (b) Following an Event of Default, ***a receiver for the Premises may be appointed upon the application of [Lender], which application Mortgagor hereby agrees not to contest***. . . .

(Mortgage § E(2)(a)-(b) (emphasis added) (ECF No. 31-3 at 33)).  We have found, and there is no dispute, that Borrower failed to make the required monthly payments within ten days of Lender's written demand, thus constituting an Event of Default and triggering the revocation of Mortgagor's revocable license to collect the rents from the leased property.  In addition, a separate Event of Default also occurred when Borrower failed to pay off the loan at maturity, on June 30, 2017.

Lender now argues that the appointment of a receiver is warranted by the express receivership provisions of the loan documents, Mortgagor's doubtful financial standing, and the inadequacy of the property as security for the loan, together with the equitable considerations of waste and dissipation.  We agree.

**II.     Discussion**

Fed. R. Civ. P. 66 provides that the Federal Rules "govern an action in which the appointment of a receiver is sought[.]" In diversity suits such as this, federal law governs the issue of whether a receiver should be appointed, *see Wells Fargo Bank, N.A. v. CCC Atlantic, LLC,* 905 F. Supp.2d 604, 611 (D.N.J. 2012), although we may also consider Pennsylvania law in deciding whether to appoint a receiver.  12 Charles Alan Wright et al., Federal Practice and

Procedure § 2983 (2d. ed. 2013). When considering whether to appoint a receiver in the context of a mortgage foreclosure, the following factors guide the Court in its exercise of discretion: "the property is inadequate security for the loan; the mortgage contract contains a clause granting the mortgagee the right to a receiver; the continued default of the mortgagor; the probability that foreclosure will be delayed in the future; the unstable financial status of the mortgagor; [and] the misuse of project funds by the mortgagor." *Wells Fargo Bank, N.A. v. CCC Atl., LLC*, 905 F. Supp. 2d 604, 614 (D. N.J. 2012), citing *United States v. Berk & Berk,* 767 F.Supp. 593, 597 (D. N.J. 1991); *see generally Canada Life Assurance Co. v. Alfred R. LaPeter,* 563 F.3d 837, 845 (9th Cir. 2009) ("the district court has broad discretion in appointing a receiver, ... it may consider a host of relevant factors, ... no one factor is dispositive.").

In support of its motion, Lender has attached the affidavit of Igal Namdar, the sole member of Lender, who states that the last payment on the loan was made on August 1, 2017 (ECF NO. 31-1 at ¶7), and since then, Mortgagor has continued to collect the Rents and has retained and/or diverted all of the net cash flow generated by the Leased Property. Id. Although Namdar initially states in his affidavit that Mortgagor has not paid real estate taxes for the Leased Property in the amount of $222,729.63, which were due no later than November 30, 2017 (ECF No. 31-1 at ¶ 8), Lender later concedes the taxes were paid, albeit late, on December 28, 2017. (ECF No. 32 at 5). Namdar further explains, however, that a Mortgagor has not shared any financial or other property information with Lender since default. (ECF No. 31-1 at ¶ 11). Moreover, Lender posits that while retaining all of the cash, Mortgagor has failed to remain current with the payments required to maintain the Leasehold and to preserve the Leased Property. In response, Mortgagor explains that it has been unable to refinance or pay off the loan, citing the national decline in the mall and shopping center industry.

It is clear that the appointment of a receiver in this matter is appropriate under the circumstances. The parties agreed to that provision in the relevant contract and the language of the contract is clear. Therefore this is not an extraordinary remedy. The Mortgage is explicit that, upon commencing an action to foreclose the Mortgage, Lender "will be entitled to have the court appoint a receiver," inter alia, "without regard to the value of the Premises as security for the indebtedness secured hereby," and that Mortgagor "agrees not to contest" such appointment. (Mortgage §§ E(2)(a)-(b). The value of the leasehold is not critical to the analysis. (The Lender's security is not the leased property itself, but the lease.) The default thereunder is clear and Mortgagor, despite its efforts, has not been able to obtain any financing or other means to cure its default. Lender has succeeded in the foreclosure, and the Mortgagor is not able to pay its debt. *MSCI 2006-IQII Logan Blvd. Ltd. Partnership v. Greater Lewistown Shopping Plaza, L.P.*, No. 4:16-CV-2090, 2017 WL 485958, at *4 (M.D. Pa. Feb. 6, 2017). Mortgagor has not been able to make the required monthly payments, raising concerns with its financial condition. It seems vastly appropriate to have a receiver to manage and collect rents.

Finally, we note that Lender has submitted a proposed Order for Appointment of Receiver (ECF No. 31-7) requesting the appointment of Metro Commercial, which appears from the record to have sufficient experience as a receiver for commercial properties in this market. Mortgagor does not dispute the appointment of Metro Commercial, and has not suggested any other entity to serve as receiver. (ECF No. 43). Although Mortgagor has filed a Proposed Order Appointing Receiver (ECF No. 43) it has not attempted to explain or argue (despite having been given the opportunity to do so) why its proposed Order should be chosen over the Lender's Proposed Order. (ECF No. 31-7). The Court will therefore enter the order as proposed by Lender.

AND NOW this 9th day of February, 2018, IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of a Receiver (ECF No. 31) be and the same is hereby GRANTED. A separate Order will be entered.

                                        By the Court:

                                        s/Cynthia Reed Eddy
                                        Cynthia Reed Eddy
                                        United States Magistrate Judge

cc: all counsel of record