# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IOWA SQUARE REALTY LLC, a New York limited liability company, | ) ) ) ) | Civil Action No. 17-497 |
| Plaintiff, | ) ) ) | United States Magistrate Judge |
| v. | ) ) | Cynthia Reed Eddy |
| JSMN SHENANGO VALLEY MALL, LLC, a New Jersey limited liability company, | ) ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pending before the Court is Defendant JSMN Shenango Valley Mall, LLC ("Mortgagor")'s motion for reconsideration (ECF No. 46) of this Court's Order from February 9, 2018 (ECF No. 45) granting Plaintiff Iowa Square Realty LLC (Lender)'s motion for Expedited Appointment of Receiver pursuant to Fed. R. Civ. P. 66. (ECF No. 31). Lender has filed a response. (ECF No. 48). For the reasons that follow, the motion for reconsideration will be denied.

The parties agree that motions for reconsideration are governed by the following standard: a court will not grant a motion for reconsideration unless there has been (1) an intervening change in controlling law, (2) the emergence of new evidence not previously available, or (3) the need to correct a clear error of law or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 167 F.3d 669, 677 (3d Cir. 1999). Plaintiff makes no arguments with respect to the first two scenarios, and instead focuses on the third scenario. In this regard, mere disagreement with the Court's prior ruling is an insufficient basis to satisfy that there was a clear error of law or that the motion is necessary to prevent manifest

1

injustice. *Forta Corp. v. Surface-Tech, LLC*, 2015 WL 12777653, *2 (W.D. Pa. 2015). Motions for reconsideration should only be granted "sparingly" and are to be "strictly reviewed" by district courts. *Velazquez v. UPMC Bedford Memorial Hosp.*, 338 F.Supp.2d 609, 611 (W.D. Pa. 2004).

Mortgagor argues that it was not provided an opportunity to present its arguments related to the proposed order granting the receivership, and that it merely argued against the appointment of a receiver, and thus, we did not have the opportunity to consider its arguments prior to entering the order. We note, however, that Mortgagor was given an opportunity to file a response to the motion (ECF No. 33), and it did file a memorandum of law in opposition. (ECF No. 34). We also provided Mortgagor an opportunity to file additional affidavits as to the appointment of a receiver (ECF No. 35) and presumably, the affidavit which was filed (ECF No. 36) could have addressed the fairness of the terms or consequences of the Lender's proposed order. Moreover, because the parties had indicated that they were attempting to resolve the receivership issue, we entered an order requiring the parties to jointly notify the court in writing as to the status of any stipulation or other proposed agreement concerning the receivership motion. (ECF No. 38). The Court was told by letter that the parties jointly request that the scheduled hearing on the receiver motion be cancelled. When the Mortgagor submitted its proposed order for the appointment of a receiver, it did not include any arguments or notification as to the fairness of the terms of the Lender's proposed Order. (ECF No. 43).

Under these circumstances, after careful consideration of all arguments brought by the Mortgagor, the motion for reconsideration will be denied. The scope of such a motion is extremely limited and do not include a provision for a second "bite at the apple." *Cole's Wexford Hotel, Inc. v. UPMC & Highmark Inc.*, 2017 WL 432947, at *3 (W.D. Pa. Feb. 1, 2017).

AND NOW this 7th day of March, 2018, IT IS HEREBY ORDERED that defendant's Motion for Reconsideration of Appointment of a Receiver (ECF No. 46) be and the same is hereby DENIED.

By the Court:

s/Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all counsel of record